**Tracy v. Maloney**

*Robert H. Yaroschuk,* County Solicitor, for plaintiff.
*Richard McBride* of *Power, Bowen & Valimont,* for defendant.

GARB, J., June 5, 1972.—This is an action in mandamus in which the two plaintiffs are two of the three members of the Board of Commissioners of Bucks County and defendant is the duly elected controller of this county. In this action, plaintiffs seek an order of court directing the controller to issue a warrant authorizing the payment of salary to Earl B. Dougherty at the rate of $13,608 per annum as the duly appointed purchasing agent. A complaint and answer have been filed and the parties have stipulated the matter to be at issue. The parties have also stipulated that the cause be tried before the undersigned without a jury and that this constitute a final disposition hereof.

A hearing was held at which time all of the facts before us were submitted by stipulation. At that time it was established that as of April 23, 1972, one James H. Houston was the head of the purchasing department, serving in such capacity at an annual salary of $13,608. On April 24, 1972, the resignation of Houston from the aforesaid position became effective and on May 2, 1972, by a vote of two to one, the Board of Commissioners of Bucks County appointed and hired

Dougherty to fill the vacancy created by the resignation of Houston. On May 2, 1972, the salary board, consisting of the three members of the board of commissioners and defendant controller, voted two to two on a motion to continue Dougherty's salary at the same salary received by and appropriated in the budget to be paid to the head of the purchasing department. At a meeting of the salary board held on May 9, 1972, defendant announced to the other members of the salary board that he would not issue a warrant to pay any salary whatsoever to the said Earl B. Dougherty. It was further stipulated that if the Chief Clerk of Bucks County and the Director of the Division of Finance of this county were called to testify they would both testify that, in their opinion, Dougherty satisfies the qualifications required by the appropriate policy manual adopted by the county commissioners for the job of head of the Department of Purchasing.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any other appropriate and adequate remedy: Unger v. Hampton Township, 437 Pa. 399 (1970); Gallagher v. Springfield Township Board of Commissioners, 438 Pa. 280 (1970); Martin et ux. v. Garnet Valley School District, 441 Pa. 502 (1971); and Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners, 440 Pa. 299 (1970). The controller can be required by mandamus to sign a warrant for a properly authorized and lawful expenditure of the county, but he cannot be required to do so where the expenditure is unlawful and the county is not liable therefor: Commonwealth ex rel., Appellant, v. Jones, 283 Pa. 582 (1925). Where the employment of a county employe is authorized and his salary approved by the

salary board, the payment of his salary may be compelled: Shoener v. County of Schuylkill, 107 Pa. Superior Ct. 114 (1932). We are satisfied based upon these authorities that the salary board, not having approved the salary to be paid to Dougherty, the controller retained no discretion in the matter and, therefore, he may not be compelled in this action of mandamus to execute the warrant authorizing the payment of Dougherty's salary.

No one contests the right or standing of the two plaintiffs to bring this action either in their individual capacities as commissioners or as the majority members of the three-man board of commissioners and, therefore, we do not reach that question herein. It has been stipulated that the board of commissioners has the inherent right to appoint a purchasing agent and, therefore, that question is likewise not in contest. Rather it is the position of plaintiffs that the salary board has no authority to thwart the county commissioners in the appointment of a county employe and that, therefore, upon the failure of the salary board to act, it is presumed that the employe may function in the job to which he is appointed at the salary paid his predecessor. Plaintiffs make the ultimate argument that it is not intended that the salary board have any function where the appointment is merely the filling of a vacancy of a position previously created by the commissioners at a salary authorized by the salary board, but that the salary board's functions operate only where it is a new position and a new employe being considered. With this contention, we disagree.

The Act of Assembly provides that the salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid

from the county treasury shall be fixed by the salary board created by the Act of August 9, 1955, P. L. 323, sec. 1620, 16 PS §1620. We call attention to the fact that this section of the act refers to all appointed officers and employes who are paid from the county treasury and, quite clearly, at least on its face, Dougherty would fall within this category. Section 1623 of the foregoing act, 16 PS §1623, provides that the salary board shall fix the compensation of all appointed county officers, and the number and compensation of all deputies, assistants, clerks and other persons whose compensation is paid out of the county treasury. That section further provides that thereupon the number and compensation of all such officers, deputies, assistants and clerks and person, whether fixed by statute or by any other method, are hereby repealed.[1]

Plaintiffs had previously contended as well that in some way a two to two vote among the members of the salary board does not constitute a refusal to fix the salary of the commissioners' appointee. In this respect we would merely call attention to subsection (d) of section 1625, 16 PS §1625, which provides that

---

[1] It should be noted that this section further provides that in the event that any salary board shall fail to fix the number or compensation of any such officers, deputies, assistants, clerks or other employes as required by this section, the number and compensation shall continue, as fixed by or pursuant to law, on the effective date of this act. Although initially plaintiffs argued that this provision supported their contention that the salary previously paid to the last incumbent would apply to the present appointee if his salary was not approved by the salary board, plaintiffs now abandon that agrument, recognizing that this is intended to apply only to those salaries being paid according to law upon the effective date of the statute itself creating the salary board. We beleive this latter to be the proper construction of this section. See Martz v. Deitrick, 372 Pa. 102 (1952).

the decision of a majority of the board shall govern. Obviously, a two to two vote does not constitute a majority of the board. Where there is a tie vote on the salary board then the salary has not been fixed by the board and the controller cannot be compelled in an action of mandamus to sign a warrant authorizing the payment of the salary: Thompson v. Fissel, 86 D. & C. 546 (1953).

We are satisfied from a fair and reasonable reading of the Act of Assembly in question that the salary board has the authority to fix the salary of county employes; and where the salary board has not done so, the salary of the employe may not be paid. It, therefore, follows that where the salary board has failed to fix the salary for an employe, the controller cannot be compelled in an action of mandamus to authorize payment of that salary: Bono v. Krommes, 201 Pa. Superior Ct. 449 (1963) and Thompson v. Fissel, supra. See also Smith v. Commonwealth ex rel. Dillon, 41 Pa. 335 (1861).[2] We think it is clear that the Act of Assembly refers to the salaries to be paid to particular and specific employes and not just to the fixing of a salary for a particular position regardless of who may fill it. See Grenell's Appeal, 4 D. & C. 616 (1924).

We recognize and sympathize with the argument made by plaintiffs to the effect that the construction we place upon the Act of Assembly possibly vests in the salary board the power of paralyzing county government by the simple expediency of refusing to fix any salary for the duly constituted appointees of the county commissioners. We believe that the raison d'etre of the salary board concept is to serve as a reviewing board and, in the vernacular, a watchdog

---

[2] Where a salary has not been fixed by the procedures required by law, the paying authority is under no duty to pay those salaries: Glancey et al. v. Casey, 447 Pa. 77 (1972).

agency over the county commissioners, the purpose being to act as a restraining agency so that the commissioners may not have unimpeded and unrestrained power of appointment at any salary they may determine. In this capacity it is only appropriate that the members of the salary board consider the appointments submitted to them in good faith and act accordingly, fully recognizing that there may be instances in which the board does not agree with the majority of the county commissioners. That does not mean, however, that the salary board may thwart all actions of the county commissioners by a general refusal to act. The act provides that the board shall fix the compensation of all appointed county officers and employes and we read this to be a mandatory investiture of power. As such, if they refuse to act an appropriate party is not without remedy or recourse but may resort to the use of an action in mandamus to compel the board to act: Travis v. Teter, 370 Pa. 326 (1952) and Hotel Casey Company v. Ross et al., 343 Pa. 573 (1942). However, that is not the case before us and we feel compelled, based upon the authorities heretofore cited, to find that this action must be dismissed.

## ORDER

And now, to wit, June 5, 1972, it is hereby ordered, directed and decreed that the complaint in this matter be dismissed and judgment entered for defendant.