529 A.2d 618

Township of Harborcreek, Appellant *v.* Gust J. Straneva and Catherine C. Straneva, his wife, et al., Appellees.

Argued March 26, 1987, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Eugene J. Brew, Jr., McClure, Dart, Miller, Kelleher & White,* for appellant.

*William J. Cavanaugh,* for appellees, Gust J. Straneva et ux.

*John Dodick,* with him, *Donald E. Wright, Jr., Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellees, Charles Davis, et ux., and Leonard Langer, et ux.

OPINION BY JUDGE BARRY, August 10, 1987:

The Township of Harborcreek (township) instituted an action in equity in the Court of Common Pleas of Erie County alleging that Gust and Catherine Straneva (subdivider), Charles and Patricia Davis and Leonard and Eve Langer (abutting landowners) had wrongly and without permission diverted a stream from its original course along the rear of certain properties fronting Suzanne Drive to a course along Suzanne Drive and other township streets. The township sought an order directing the defendants to return the stream to its original position. Following a hearing the trial court determined that the subdivider was solely responsible for diverting the course of the stream. In accordance with that determination, the trial court entered the following order:

AND NOW, this 10th day of October, 1979, it is hereby ORDERED and DECREED that defendants, Gust J. Straneva and Catherine C. Straneva, his wife, shall return the stream in question that was diverted towards Suzanne Drive, to its original course, or to allow the Township of Harborcreek to return the course of the stream to its original location. It is FURTHERED [sic] ORDERED and DE-

CREED that defendants shall not interfere in the future with the stream so as to divert it or change its course in any manner, and the cost of carrying out this order shall be borne by defendants, Gust J. Straneva and Catherine C. Straneva, his wife.

Both parties filed exceptions which were denied.

On December 23, 1981, the township filed a petition to amend the decree in equity on the basis that improvements made on the properties in question, *i.e.,* new homes, made the relocation of the stream impractical. The township proposed that

[t]he most practical solution to the problem at present, considering the changes made in the past five (5) years, would be to allow the Township to maintain the stream in its present location, along the roadside ditch, and making improvements thereto, for the safety of the public and to insure the integrity of the Township roads.

On December 28, 1983, after a rehearing, the trial court rescinded its order of October 10, 1979, and issued a new order directing the township to maintain the stream "in its present location in the most feasible manner under the circumstances by installing pipes or otherwise." The order also specified that the township assume 75% of the costs of any necessary improvements, the subdivider pay 15% and the abutting landowners share the remaining 10% of the costs. This appeal by the township and the abutting landowners followed.

In reviewing equity matters we are limited to a determination of whether the court's findings are supported by substantial evidence, whether an error of law was committed or whether the court abused its discretion. *Township of Kennedy v. Ohio Valley General Hospital,* 101 Pa. Commonwealth Ct. 536, 516 A.2d 1313 (1986).

Both the township and the abutting landowners essentially argue that the trial court erred in its assessment of the costs. They maintain that, as directed in the first order, all of the costs should be borne by the subdivider who was responsible for diverting their stream. The trial court explained in its order that the assessment of the costs is based on the relative contribution each party made to the problem and the benefit each will gain from the improvements to be made in the area. More specifically, the trial court assessed 75% of the costs to the township because it found that the township substantially contributed to the amount of water flowing through the open ditch on Suzanne Drive; it benefitted from the diversion of the stream and the development of the subdivision because it received additional tax revenues; and it will benefit from the improvements because they will reduce maintenance costs on the roads involved. The subdividers were assessed 15% of the costs because they were responsible for diverting the course of the water. The abutting landowners were ordered to pay 10% of the costs because the value of their property will increase once the water problem on the nearby streets is solved. The appellants argue that these findings are not supported by the record. We agree.

Although much evidence was adduced during the course of these lengthy proceedings, our review of the record did not reveal substantial evidence to support the court's assessment of the costs. The testimony presented focused on the nature and the cause of the water problem. It did not directly address the facts considered by the trial court in determining damages. There is no specific evidence as to the amount of water flow contributed by the township before and after the diversion of the stream. There is no testimony as to the exact costs of maintaining the roads *before* the stream was diverted as

compared with the present costs and how these costs will decrease once the problem is corrected. All we have in the record are general statements that the costs of maintenance will decrease. Finally, there is no specific evidence as to the extent the township's tax revenues were increased by the diversion of the stream and the resulting development of the Straneva subdivision.

A reasonable and fair assessment of the costs cannot be made until all of the necessary evidence is presented. We, therefore, remand this matter to the trial court for an additional hearing on the question of damages.

## ORDER

Now, August 10, 1987, the order of the Court of Common Pleas of Erie County, dated January 30, 1985, at No. 87 Equity 1976, is vacated and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.