620 A.2d 632

**Albert M. PENKSA, Jr., Controller of Cambria County, Pennsylvania, Appellant,**

v.

**Kathy L. HOLTZMAN, Mark J. Wissinger, and Ted Baranik, Commissioners of Cambria County, Pennsylvania and the Cambria County Salary Board.**

Commonwealth Court of Pennsylvania.

Argued Oct. 23, 1992.

Decided Jan. 27, 1993.

Russell J. Heiple, for appellant.

Calvin John Webb, II, for appellees.

Before CRAIG, President Judge, and McGINLEY, J., and NARICK, Senior Judge.

CRAIG, President Judge.

In this municipal appeal, the Controller of Cambria County, Albert M. Penksa, Jr., appeals the decision of the Cambria County Court of Common Pleas which dismissed his complaint that the Cambria County Commissioners [1] improperly created the new positions of Purchasing Agent and Nursing Home Maintenance Supervisor without the approval of the Cambria County Salary Board. After careful review of The County Code [2] and applicable case law, we reverse the trial court and hold that the salary board, rather than the county commissioners, has the authority to create the new positions of purchasing agent and maintenance supervisor. Further, we remand this case with direction to the trial court to return it to the salary board for a new vote on the creation of the two positions.

The relevant facts are as follows. At their regular meeting on January 23, 1992, the county commissioners adopted a motion purporting to establish the positions of maintenance supervisor at Laurel Crest Manor, the county nursing home, and purchasing agent in the Office of the Commissioners, by a vote of two to one. In each instance, the commissioners voted to appoint an individual to each position, again, by a vote of two to one. The minutes of the meeting in the record reveal that two of the three commissioners followed the recommendation of the Executive Director of the nursing home in abolishing the position of Boiler House Supervisor, describing the position of maintenance supervisor, and transferring an employee from the old job to the new one.

1. The three County Commissioners are Kathy L. Holtzman, Mark J. Wissinger, and Ted Baranik.

2. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§ 101–2901 (the Code).

Later the same day, the Cambria County Salary Board, comprised of the three county commissioners plus the controller, met to consider the salaries for the positions of purchasing agent and maintenance supervisor. At this meeting, all three county commissioners agreed and set a salary for each position, but the controller abstained.[3]

The controller then filed an action for declaratory judgment with the trial court, asking the court to declare that the two new positions in question were unlawfully created by the county commissioners, and that they both had to be created first by the salary board before the salary board could then fix the salary of each position. After hearing arguments from both sides, the trial court dismissed the complaint, from which the controller then appealed to this court.[4]

The question of whether the purchasing agent and maintenance supervisor are appointed county officers or another type of county employee is central to this appeal, because section 1623 of the Code, 16 P.S. § 1623, authorizes the salary board to perform different functions depending on the type of position in question. Section 1623 of the Code states in relevant part:

> The board, subject to limitations imposed by law, shall *fix the compensation of all appointed county officers, and the number and compensation of all* deputies, assistants, clerks and *other persons* whose compensation is paid out of the county treasury (except employes of county officers who are paid by fees and not by salary), and of all court criers, tipstaves and other court employes, and of all officers, clerks, stenographers and employes appointed by the judges of any court who are paid from the county treasury. (Emphasis added.)

3. The salary board fixed the salary for the purchasing agent position at $28,642 per year, and $18,782.40 per year for the maintenance supervisor.

4. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence, whether it abused its discretion, or committed an error of law. *Township of Harborcreek v. Straneva*, 108 Pa.Commonwealth Ct. 313, 529 A.2d 618 (1987).

■ If the purchasing agent and maintenance supervisor are appointed county officers, then the salary board could only set their compensation, which it did by majority vote. However, if the positions in question are deputies, assistants, clerks, or other persons employed by the county, which we will refer to as "county employees," then the salary board has the power to fix their *number* as well as their compensation. Obviously, the power to fix the number of positions necessarily includes the power to create a new position, by raising the "number" from zero to one.

The salary board consists of the three county commissioners and the controller, or the treasurer in counties where there is no controller. Section 1622 of the Code, 16 P.S. § 1622. Moreover, when the salary board considers the number or salaries of "deputies or other employes of any county officer or agency, such officer or the executive head of such agency shall sit as a member of the board" for that particular decision only. Section 1625 of the Code, 16 P.S. § 1625. The decision of the majority of the salary board governs. *Id.*

Section 1620 of the Code, 16 P.S. § 1620, states that "salaries and compensation of county officers shall be as now or hereafter fixed by law," but the "salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes. . . ." Thus, the first group of officers are necessarily the elected ones, as distinguished from the latter group, the "appointed officers."

County officers, who are elected every four years in each county, are listed in section 401 of the Code, 16 P.S. § 401, and include three county commissioners, a controller, treasurer, coroner, sheriff, and district attorney, among others. The annual salaries for all county officers in counties of the third through eighth class are fixed in sections 1550–1555 of the Code, 16 P.S. §§ 1550–1555. Because both the number and compensation of elected county officers are fixed in the Code, the salary board has no power to set either the number or compensation for these positions.

Section 1623 of the Code allows the salary board to fix only the compensation of appointed county officers. The controller argues that appointed county officers must therefore be limited to those whose number is already fixed by the Code. For example, section 901 of the Code, 16 P.S. § 901, directs the county commissioners to appoint a county solicitor, and section 520 of the Code, 16 P.S. § 520, directs them to appoint a chief clerk.

Because the positions of purchasing agent and maintenance supervisor are not among those positions whose number is already set explicitly by the Code, they cannot be defined as appointed county officers, but must be defined as other county employees. We reverse the trial court and agree with the controller, that the positions in this case are county employees and not appointed county officers, and, as such, the salary board must create these positions by setting their number at one, under the board's power to fix their number and not just their compensation.

The Code does not define appointed county officers or distinguish them from other county employees. Although section 450(b) of the Code, 16 P.S. § 450(b), states that "Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power ...," that does not help us to distinguish between officers and employees. Both officers and employees are subject to removal by their appointing power.

Therefore, we reject the trial court's finding that an appointed county officer is any person appointed by the commissioners to perform a specific administrative function, in favor of the more narrow definition proposed by the controller. On that basis, we also reject the trial court's finding that both positions in question in this case are properly considered appointed county officers. Although the Bucks County Common Pleas Court had previously stated that a purchasing agent is an appointed county officer,[5] the job classification of the purchasing agent was not central to the holding of that case, which involved the effect of a tie vote of a salary board.

5. *Tracy v. Maloney*, 59 Pa.D. & C.2d 354 (1972).

Furthermore, of course, we are not bound by common pleas court decisions.

Like the Code, case law in our Commonwealth does little to distinguish appointed county officers from other county employees in the context of salary board disputes. In *Bedeski v. Greater Nanticoke Area School District*, 58 Pa.Commonwealth Ct. 400, 404, 427 A.2d 1269, 1271, (1981), this court stated the general test that, "the key considerations in determining whether one is a public officer are the nature of the office, the powers wielded, and the responsibilities which are carried out." However, we decline to apply this subjective test based on the function of a job to the daily workings of the salary board, in favor of the more consistent and certain distinctions outlined in the Code. Again, for salary board determinations, we adopt a bright-line test and conclude that appointed county officers are limited to those whose number is already fixed by the Code, and all other positions fall into the category of county employees.

Therefore, the salary board has the authority to create county employee positions by fixing the number for those positions at one or more. Courts of this Commonwealth have given the salary board substantial discretion over fixing the number of county employees in a given office.[6] In *Simon v. Del Vitto*, 43 Pa.Commonwealth Ct. 402, 403 A.2d 1335 (1979), this court relied on *Ludwick's Appeal* to resolve a dispute about the number of deputies that a county sheriff could appoint. This court held in *Simon* that although section 1205 of the Code, 16 P.S. § 1205, allows the county sheriff to appoint "such deputies and clerks as may be necessary to properly transact the business of his office," the salary board and not the sheriff must determine how many deputies are needed. *Id.*

In *Sukala v. Shope*, 63 Pa.D. & C.2d 517 (1973), the Common Pleas Court of Westmoreland County held that the salary board could not eliminate a position by reducing its number from one to zero, but that limitation does not apply to

6. *See Martz v. Dietrick*, 372 Pa. 102, 92 A.2d 681 (1952); *Ludwick's Appeal*, 117 Pa.Superior Ct. 471, 178 A. 339 (1935).

the creation of the positions in this case. In *Sukala,* the positions that the salary board attempted to eliminate were created by statute,[7] and section 1623 of the Code subjects the salary board to "limitations imposed by law. . . ." There are no such limitations in the Code or case law that apply to the creation of positions for county employees.

We disagree with the commissioners' argument that allowing the salary board to create county employee positions would upset the proper balance of power between the salary board and the commissioners. In *Simon,* 43 Pa.Commonwealth Ct. at 406–07, 403 A.2d at 1337, this court stated, "The [County] Code seeks to establish an orderly and rational employment procedure centralized in a county salary board." Under the Code, the actions of the salary board are discretionary rather than simply ministerial, because it can set numbers and compensation for positions different from what might be recommended by the appointing authority. *Beckert v. Warren,* 497 Pa. 137, 439 A.2d 638 (1981).

The salary board performs administrative rather than legislative functions when it sets salaries and numbers, because "[t]he authority to appropriate funds and levy taxes has been vested in the county commissioners . . . *not* in the Salary Board," by sections 202 and 203 of the Code, 16 P.S. §§ 202 and 203. *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 61, 417 A.2d 1138, 1143 (1980) (emphasis in original). The salary board's power to fix the number of a new position does not invade the commissioners' legislative power to appropriate funds and levy taxes as they choose.

The county commissioners retain the general powers to make contracts for the county, to implement laws, and to make appropriations for any lawful purpose. 16 P.S. § 202. The county commissioners hold the corporate power for each

7. The Code authorizes each of the elected county officers of prothonotary, register of wills, sheriff, treasurer, recorder of deeds, and clerk of courts to appoint a solicitor in sections 1308, 1311, 1213, 807, 1314, and 1315 of the Code, 16 P.S. §§ 1308, 1311, 1213, 807, 1314, and 1315, respectively. 16 P.S. § 1315 was repealed by the Act of April 28, 1978, P.L. 202.

county. 16 P.S. § 203. The county commissioners "shall be the responsible managers and administrators of the fiscal affairs of their respective counties...." Section 1701 of the Code, 16 P.S. § 1701. The controller's power to supervise the county's fiscal affairs is subject to the commissioners' administrative and managerial powers, pursuant to section 1702 of the Code, 16 P.S. § 1702. The work of the salary board does not interfere with these general powers.

Given this statutory framework, we agree with the trial court that the salary board is best conceived as a "watchdog agency over the county commissioners, the purpose being to act as a restraining agency so that the commissioners may not have unimpeded and unrestrained power of appointment at any salary they may determine." *Tracy,* 59 Pa.D. & C.2d at 359–60. We view the salary board's authority to create positions in the category of county employees as part of its administrative watchdog function.

As to the relief in this case, we must remand it to the trial court. Although the commissioners have argued that the majority vote of the salary board ratified the creation of the new positions by agreeing on the salaries for each position, we must recognize that the salary board members were not functioning under the certain premise that the board possessed the authority to create new positions, which we now hold. Therefore, in fairness, we must remand this case with direction to the trial court to remand it to the salary board for fresh action as to whether the salary board will create the positions of purchasing agent and maintenance supervisor, in addition to fixing their compensation.

Accordingly, we reverse the trial court's dismissal of the controller's complaint, and remand the case with direction to the trial court to remand it to the salary board for a new vote on the creation of the two new county employee positions in question.

## ORDER

NOW, January 27, 1993, the order of the Court of Common Pleas of Cambria County, No. 1992–224, dated March 13, 1992,

is reversed, and the case is remanded to the trial court with direction to remand it to the Cambria County Salary Board for a new vote on the creation of the positions of Purchasing Agent and Maintenance Supervisor.

Jurisdiction relinquished.