646 A.2d 683

James E. CADUE, Commissioner of Monroe County, and Janet K. Weidensaul, Commissioner of Monroe County, Petitioners,

v.

Robert E. MOORE, Commissioner of Monroe County, William F. Maughan, Controller of Monroe County, Claudette Segear, Treasurer of Monroe County, Forrest Sebring, Sheriff of Monroe County, and the Honorable James R. Marsh, President Judge of the Court of Common Pleas of Monroe County, Respondents.

Commonwealth Court of Pennsylvania.

Argued April 13, 1994.

Decided Aug. 5, 1994.

John B. Dunn, for petitioners.

David M. Donaldson, for respondents.

Before CRAIG, President Judge, DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

Before the court is an action filed in our original jurisdiction by James Cadue and Janet Weidensaul (petitioners), two of the commissioners of Monroe County who are also members of the County Salary Board, seeking a declaratory judgment that the commissioners are not legally compelled to implement salary increases approved by the salary board where the payment of those increases would overdraw the amounts budgeted for salaries and would require the commissioners to transfer funds from elsewhere in the budget. The respondents are Robert Moore (the third commissioner), and the remaining members of the salary board (respondents).

The facts as set forth in the petition for review are that on August 25, 1992, the salary board voted to increase the salaries of certain county employees, with petitioners, as members of the salary board, voting against the increases. Thereafter petitioners, in their capacity as a majority of the county commissioners, refused to have the county payroll employees implement the pay increases voted by the salary board. Respondents filed a mandamus action in the Court of Common Pleas of Monroe County attempting to compel the commissioners to implement the pay increases. According to the papers filed in this case, that action is still pending.

Petitioners then filed the current action in this court. Respondents filed preliminary objections to the petition for review asserting that this court lacked jurisdiction. By opinion and order dated December 10, 1992, President Judge Craig denied these preliminary objections. Respondents then filed an answer to the petition. Both sides have filed motions for summary judgment which are presently before the court.

Petitioners argue that only the commissioners have the power to perform the legislative acts of appropriating money and budgeting funds to pay salaries, and that the salary board cannot compel the commissioners to perform these acts by setting salaries, the total of which will exceed the amount budgeted for salaries in each department. Essentially petitioners are arguing that the board can only set salaries based on the amount the commissioners have budgeted for salaries.

A salary board is created in each county by section 1622 of The County Code (Code)[1] with the board consisting of the three county commissioners and the county controller, or the county treasurer if there is no controller. The function of the salary board is to set the salaries of appointed county officers and to set the number of county employees and their salaries. 16 P.S. § 1623; *Penksa v. Holtzman*, 153 Pa.Commonwealth Ct. 94, 620 A.2d 632 (1993).[2] When the salary board considers the number and salaries of employees of a county officer or agency, the officer or head of the agency sits as a member of the salary board. 16 P.S. § 1625(a). Similarly, when the number and salaries of court employees are considered, the president judge of the court sits as a member of the salary board. 16 P.S. § 1625(b).[3]

Although the function of the salary board is clearly set out in the Code, the purpose underlying that function is not. This court has stated that the salary board is best conceived as a watchdog agency over the county commissioners, the purpose being to act as a restraining agency so that the commissioners may not have unimpeded and unrestrained power of appointment at any salary they may determine. *Penksa.*

The powers of the salary board are clearly limited to those listed in the Code, *i.e.,* setting the number of county employ-

1. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1622.

2. *Penksa* explained the difference between appointed county officers and county employees.

3. For the salaries in question in this case, either a departmental head or the president judge of the common pleas court sat as a member of the salary board, thus putting petitioners in the minority with the department head, the controller and respondent Moore voting against them.

ees and setting salaries. The county commissioners retain the power to budget money for county expenditures. Section 1781 of the Code, 16 P.S. § 1781. Likewise, the authority to appropriate funds and levy taxes has been vested in the commissioners. Sections 202(6) and 203 of the Code, 16 P.S. §§ 202(6) and 203; *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 61, 417 A.2d 1138, 1143 (1980).

In *Franklin County,* which is relied on by petitioners, our Supreme Court ordered the county Prison Board to implement the salary provisions of an arbitration award for prison guards. The court rejected the Prison Board's argument that the salary board's setting of salaries is a legislative act and that the arbitration award was therefore only advisory because of language in the Public Employe Relations Act [4] which states that "the decisions of the arbitrators which would require legislative enactment to be effective shall be considered advisory only." 43 P.S. § 1101.805.

The court went on to state that the Prison Board could only implement the award to the extent permitted by Article III, Section 31 of the Pennsylvania Constitution which bars the General Assembly from delegating the legislative power of local municipalities to any other body. The court stated that the Prison Board can submit to the salary board the financial items of the arbitration award, and the salary board must fix the salary and compensation in accordance with the award. The court then said that "[i]f, at that point, legislative enactment is required—that is, if taxes must be levied or funds appropriated—then our holding herein cannot be read to override the Constitutional prohibition against improper delegation of legislative powers." *Franklin County,* 491 Pa. at 63, 417 A.2d at 1144. The court made it clear that the salary board is not a legislative body and performs administrative functions only.

*Franklin County* is not directly on point because the decision dealt with the question of whether the county commis-

4. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

sioners could be compelled by an arbitrator's award to appropriate money and/or levy taxes for the payment of increased salaries. However, implicit in the *Franklin County* holding is the principle that the salary board's action of setting salaries is not a legislative act and that the county commissioners cannot be compelled to perform the legislative acts of appropriating funds or levying taxes.

Petitioners also cite *Coleman v. Stevenson*, 20 Pa.Commonwealth Ct. 498, 343 A.2d 375 (1975), where this court stated that "a local government may not be forced to make payment of salaries or contract obligations if the legislative body of that governmental unit does not make appropriations sufficient to cover the claim." *Id.* at 503, 343 A.2d at 378. In making this statement, we were merely summarizing prior court holdings in cases where the legislative body of the local government had either refused or failed to appropriate monies to pay the claims of government employees or of third party contractors.

*Coleman* involved a somewhat different fact pattern in that the county controller refused to approve the payment of increased salaries even though the salary board had voted for the increases. The money to pay the increases was to come from excess revenues in the general county funds. The county commissioners brought a mandamus action in common pleas court to compel the controller to approve the payments. This court held that the controller could be so compelled if the commissioners had appropriated money for this purpose pursuant to section 1784 of the Code.[5]

Section 1784 reads, in part:

> The commissioners may at any time, by resolution, make supplemental appropriations for any lawful purpose from any funds on hand or estimated to be received within the fiscal year and not otherwise appropriated, including the proceeds of any borrowing now or hereafter authorized by law. The commissioners may authorize the transfer of any unencumbered balance of any appropriation item or any portion thereof.

**5.** 16 P.S. § 1784.

This section becomes important in the present case because respondents argue that the salary board can raise an employee's salary if there are sufficient funds in the budget of the department for which the employee works to cover the increase, even though raising the salary will cause the amount allocated in the budget for salaries for that department to be exceeded. We disagree.

Section 1784 states that the commissioners may authorize the transfer of any unencumbered balance of *any appropriation item*. We read this as meaning that if the commissioners have allocated a certain amount of money for a particular use within a department, the commissioners alone are authorized to transfer any excess funds from that allocation to another use. To hold otherwise would allow the salary board to exceed its limited statutory powers and invade the province of the legislative body by applying any excess money from other departmental line items to salaries when those excess monies might be needed for some other purpose in the county. The salary board would therefore be making a policy decision which is clearly within the province of the legislative body.

Accordingly, we will grant summary judgment for petitioners and we hold that county commissioners cannot be compelled to implement salary increases approved by the salary board where the payment of those increases would overdraw the amount budgeted for an individual department's salaries and would require the commissioners to transfer funds from elsewhere in the budget.

## ORDER

NOW, this 5th day of August, 1994, summary judgment is granted for petitioners, James Cadue and Janet Weidensaul. Summary judgment is denied for respondents.