## LUZERNE COUNTY BOARD OF COMMISSIONERS

v.

## Stephen FLOOD Controller of Luzerne County, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 2005.

Decided May 13, 2005.

Harry W. Skene, Pittston, for appellant.

Mark J. Clinton, Wilkes–Barre, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and PELLEGRINI, Judge.

OPINION BY Judge SMITH-RIBNER.

The Controller of Luzerne County (Controller), Stephen Flood, appeals from an order of the Court of Common Pleas of Luzerne County that granted a motion for peremptory judgment filed by the Luzerne County Board of Commissioners (Board) in the Board's action seeking a writ of mandamus and ordered the Controller to execute any and all documents necessary to effectuate and implement payment of a three percent pay increase approved by the Board for management employees of Luzerne County (County).[1] The issue raised is whether the court erred in granting peremptory judgment and ordering the Controller to implement the pay increase when the County Salary Board has the sole authority to fix salaries and compensation of appointed officers and employees under Sections 1620 and 1623 of The County Code (Code), Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §§ 1620 and 1623.

On December 23, 2003, the Board filed its complaint in mandamus against the Controller along with a motion for peremptory judgment, alleging that at a public meeting held on December 9, 2003 a majority of the three-member Board voted for a three percent pay increase, retroactive to July 1, 2003, for the County's management employees. The Board also alleged that the complaint was based on its authority to manage and administer the fiscal affairs of the County's government under Section 1701 of the Code, 16 P.S. § 1701; that it had a clear legal right to pass and to adopt the pay raises and to determine the compensation of manage-ment employees; and that the Controller failed and refused to perform his clear legal duty to execute documents necessary to transfer funds into the County payroll account to implement the pay increase.

The trial court granted the Board's motion for peremptory judgment on December 23, 2003, determining that the pay increase was lawful and was adopted in the appropriate exercise of the Board's fiscal authority under Section 1701 of the Code. The court ordered the Controller to immediately execute any and all documents necessary to effectuate and implement the three percent pay increase and for future payrolls to execute documents necessary for continued effectuation and implementation of the pay increase unless and until changed by Board action.

The Controller argues that the trial court erred in granting peremptory judgment in favor of the Board because the County Salary Board has the sole authority to fix the salaries and compensation of the County's employees under the Code. A writ of mandamus is an extraordinary remedy, and it may be granted only where the plaintiff establishes a clear legal right, the defendant's corresponding duty and the lack of any other appropriate and adequate remedy. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1351 (1985). This Court's review of the trial court's order entered in a mandamus action is limited to determining whether the trial court abused its discretion or committed an error of law. *DiVito v. City of Philadelphia,* 144 Pa.Cmwlth. 132, 601 A.2d 397 (1991).[2]

---

1. The Board was precluded from filing a brief and presenting argument due to its failure to comply with a prior order of the Court directing the Board to file a brief by February 10, 2005.

2. The Board has filed a motion to dismiss the appeal as moot, alleging that two members of the Board were replaced on January 1, 2004, that the new Board unanimously voted to terminate this mandamus action at the March 17, 2004 meeting and that on April 21, 2004

■ Salaries and compensation of county officers and employees are fixed pursuant to Section 1620 of the Code, which provides in relevant part:

The salaries and compensation of county officers shall be as now or hereafter fixed by law. *The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board*[3] *created by this act for such purposes*: Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employees paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. (Emphasis added.)

Section 1623 of the Code further provides in relevant part:

The [salary] board, subject to limitations imposed by law, shall fix *the compensation* of all appointed county offi-

cers, and *the number and compensation* of all deputies, assistants, clerks and other persons whose compensation is paid out of the county treasury (except employes of county officers who are paid by fees and not by salary), and of all court criers, tipstaves and other court employes, and of all officers, clerks, stenographers and employes appointed by the judges of any court and who are paid from the county treasury. (Emphasis added.)

The Code is intended "to establish an orderly and rational employment procedure centralized in a county salary board." *Simon v. Del Vitto*, 43 Pa.Cmwlth. 402, 403 A.2d 1335, 1337 (1979). Under Sections 1620 and 1623, the salary board has the sole authority to fix salaries and compensation of all appointed officers and employees of the county. *Penksa v. Holtzman*, 153 Pa.Cmwlth. 94, 620 A.2d 632 (1993).

Relying on the Board's authority under Section 1620 of the Code to act as the sole managerial representative of the interests of the County's officers, appointed or elected, in proceedings before the Pennsylvania Labor Relations Board, the trial court found as follows:

the trial court granted the Board's motion to vacate the December 23, 2003 order and discontinue the action. Admitting the Board's allegations, the Controller argues that this Court should consider the appeal to prevent a similar abuse of legal process by the Board in the future. Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505, provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order *within 30 days after its entry,* notwithstanding the prior termination of any term of court, *if no appeal from such order has been taken or allowed.*" (Emphasis added.) After an appeal is taken, however, the court may no longer proceed with the case except in limited instances, such as taking actions to preserve the status quo or correcting obvious technical mistakes. Pa. R.A.P. 1701; *Fleetwood Area School District v. Berks County Board of Assessment Appeals,*

821 A.2d 1268 (Pa.Cmwlth.2003). Consequently, the trial court lacked authority to vacate the December 23, 2003 order four months after its entry and during pendency of the appeal. The Court accordingly vacates the trial court's April 21, 2004 order as void. Additionally, because the trial court lacked jurisdiction to enter the order, the Controller's appeal was not affected and the controversy remained ripe for disposition. Thus the Court denies the Board's motion to dismiss the appeal as moot.

3. A county salary board consists of three individual members of the board of county commissioners and the county controller or the county treasurer in counties where there is no controller. Section 1622 of the Code, 16 P.S. § 1622.

[T]he across-the-board pay increases to nonunion county managers was a natural extension to nonunion managers as a unit, the benefits conferred by the county commissioners' ongoing collective bargaining negotiations with union employees. In part, the county commissioners effected the across-the-board increase to achieve relative parity in compensation vis-à-vis the nonunion supervisor and the union employee covered under the collective bargaining agreement.... The county acted as a matter of policy to alleviate the relative anomaly.

Slip op. at 3. The court further stated: "The crux of the dilemma before this Court is balancing the county commissioners' exclusive authority to formulate county policy, to collectively bargain, negotiate and manage employees, with the salary board's purpose of not allowing the county commissioners to have unimpeded and unrestrained power of appointment of any employee at any salary." *Id.* at 2.

The unambiguous language of Sections 1620 and 1623 of the Code regarding salary board authority allows for no exception, even where a board of county commissioners seeks to adjust salaries of management employees based on salaries in a collective bargaining agreement. Under Section 203, 16 P.S. § 203, the board of county commissioners acts as a corporate body and is authorized to perform specific functions enumerated in Section 202, 16 P.S. § 202, including making contracts on behalf of the county, implementing the laws and making appropriations for any lawful purpose. In short, boards of county commissioners are "the responsible managers and administrators of the fiscal affairs of their respective counties...." Section 1701 of the Code. Subject to the board of county commissioners' power and duty to manage and administer the fiscal affairs, the county controller has the power and authority

to "supervise the fiscal affairs of the county including the accounts and official acts relating thereto of all officers or other persons who shall collect, receive, hold or disburse the public assets of the county." Section 1702(a) of the Code, 16 P.S. § 1702(a).

■■■ While the salary board performs an *administrative* function of fixing salaries and compensation of the county employees, the board of county commissioners performs a *legislative* function of appropriating funds for the employees' salary and compensation fixed by the salary board. *See Cadue v. Moore*, 166 Pa.Cmwlth. 450, 646 A.2d 683 (1994) (holding that a board of county commissioners may not be compelled to implement salary increases fixed by salary board where payment of raises would result in overdrawing amount budgeted for salaries and would require board to transfer funds from elsewhere in budget). The Court has acknowledged that the salary board "is best conceived as a 'watchdog agency over the county commissioners, the purpose being to act as a restraining agency so that the commissioners may not have unimpeded and unrestrained power of appointment at any salary they may determine.'" *Penksa*, 620 A.2d at 636 (quoting *Tracy v. Maloney*, 59 Pa. D. & C.2d 354, 359–360 (1972)).

■ Under the statutory scheme, therefore, the County Salary Board's approval is a necessary first step in the pay increase process, which culminates in the board of county commissioners' legislative action in appropriating the funds for employee pay increases. Allowing the Salary Board to create county employee positions and to fix their salaries does not "upset the proper balance of power between the salary board and the commissioners." *Penksa*, 620

A.2d at 635. After its careful review, the Court concludes that the trial court erred in granting peremptory judgment in favor of the Board and in ordering the Controller to implement the management employees' pay increase without the required first step in the process, i.e., County Salary Board approval. Accordingly, the trial court's order is reversed.

## ORDER

AND NOW, this 13th day of May, 2005, the December 23, 2003 order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed. The court's April 21, 2004 order vacating its December 23, 2003 order and discontinuing the action filed by the Luzerne County Board of Commissioners is vacated, and the Board's motion to dismiss the Controller's appeal as moot is denied.