Ludwick's Appeal.

Argued October 24, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*F. J. Woods,* of *Mullin & Woods,* for appellant.

*F. D. Gallup,* of *Gallup & Potter,* for Salary Board, appellee.

Opinion by Baldrige, J., April 15, 1935:

McKean is a county of the sixth class. Fred T. Ludwick, sheriff of that county, on January 1, 1934, appointed R. W. Dick as a clerk or deputy for the year

1934, and requested the salary board to fix his compensation. At a meeting, attended by the sheriff as a member and participant in the actions of the board, it was determined, by a vote of four to one, that Dick's services were not necessary for carrying on the business of the sheriff's office. The board accordingly refused to fix a salary for him. On appeal, the court of common pleas sustained the action of the board.

The question for determination is, Does the salary board in a sixth-class county have the authority to fix and determine the number of deputies and clerks that may be necessary to transact properly the business in the sheriff's office, or does the power to appoint deputies and clerks given the sheriff carry with it the right to determine also the number of these employees?

The Superior Court ordinarily would not have jurisdiction in a dispute of this character (Walker's Appeal, 294 Pa. 385, 144 A. 288), but the parties have filed a stipulation, under the Act of June 24, 1895, P. L. 212, §7 (e) (17 PS §191), agreeing that the case be heard and decided by this court. We will, therefore, consider the whole record with regard to the regularity and propriety of the proceedings and determine the right of the court to make the order complained of: Sterrett v. MacLean et al., 293 Pa. 557, 143 A. 189.

The Act of June 29, 1923, P. L. 944, provides for a salary board in counties of the sixth class. The fifth section, as amended by the Act of May 3, 1933, P. L. 250 (16 PS §2435), is as follows:

"The salary board in all counties of the sixth class, which shall be composed of the county commissioners and the county treasurer, shall fix and determine annually the number and the salaries to be paid to the clerks and deputies required for the proper discharge of business in the office of the county officers whose

salaries are fixed by this act. Whenever the number or salaries of the clerks and deputies in any county office are being considered by the salary board, the county officer occupying such county office shall be a member of the salary board and be entitled to vote so long as matters affecting his office are under consideration and no longer. Any such county officer, deputy, or clerk, dissatisfied with amount of salary allowed by the salary board, may appeal from the action of such board to the court of common pleas of the county, which court shall, after hearing, make an order fixing the salaries of such appointees.''

There can be no question that under that statute the salary board has the duty to determine the number of employees in the office of county treasurer, prothonotary, and the other county offices named therein, and to fix the salaries thereof. The appellant's contention is that the act does not apply to employees in the sheriff's office as his salary is not fixed by that statute but by the Act of May 11, 1925, P. L. 559, and its amendments, and that the sheriff has the power and authority in the first instance to determine the number of his deputies, and if he decides, upon proper consideration, the necessity therefor, his determination of the question is final.

Section 6 of the Act of 1925, supra, as amended by the Act of April 3, 1929, P. L. 132 (16 PS §2466), provides: ''Said sheriffs shall have the power to appoint such deputies and clerks as *may be necessary* (italics supplied) to properly transact the business of the said office, and also the power to discharge the same from time to time. The compensation of such deputies and clerks shall be fixed by the salary board created under the provisions of the act, approved the twenty-ninth day of June, one thousand nine hundred and twenty-three,'' etc. As the lower court points out, this act does not provide that a sheriff shall have

the power to appoint such deputies and clerks as *he deems* or *believes* to be necessary, but as *may* be necessary, to transact the business properly, that is, as the salary board may deem necessary.

We think the Acts of 1923 and 1925, with their amendments, should be read together. When they are, the intent of the legislature, to bring the sheriff's office, with the other county offices named in the Act of 1923, under the jurisdiction and subject to the regulations of the salary board, becomes apparent. The effect of this construction is that if the sheriff is of the opinion that additional assistance is required in his office, he shall go before the board, participate in its deliberations in relation to affairs affecting his office, and request the board to determine the number of employees necessary to discharge the duties of his office and to fix their salaries. If the board takes favorable action, the sheriff makes the appointment of the number of clerks or deputies determined necessary by the board.

In referring to Section 2 of the Act of March 17, 1933, P. L. 14 (16 PS §2815), which act fixes the salaries of sheriffs in counties of the seventh class, we find: "The sheriff is authorized to appoint one or more deputies as may be deemed necessary for the performance of the duties of his office. The number of deputies and their salaries, payable by the county, shall be fixed by a salary board, composed of the county commissioners and the sheriff." It will be observed that the first sentence of this section, as in the Act of 1925, supra, provides that the sheriff is authorized to appoint one or more deputies as may be deemed necessary. The *number,* however, is to be determined, not by the sheriff, but by the salary board. There, the legislature indicated more clearly than it had prior thereto that the number of deputies in a sheriff's office is to be subject to the action of the salary board.

We can see no reason for the legislature to differentiate between the two classes of counties by providing that the sheriff's office of the seventh-class counties shall come within the jurisdiction of the salary board, but the sheriff's office of the sixth class shall not. We think the legislature has sufficiently indicated that it did not intend so to do.

We have examined the evidence in this proceeding, but we think it is unnecessary to discuss it as we find no abuse of discretion in the action of the salary board or the court below, nor does the record disclose any irregularity. We feel, therefore, we would not be justified in disturbing the order of the court below.

Decree is affirmed, at appellant's costs.