## Sukala v. Shope

*George W. Lamproplos,* for plaintiffs.

*H. Reginald Belden, Jr., John D. Lyons* and *John Thomas*, for defendants.

WEISS, P. J., February 15, 1973.—By resolutions dated January 8, 1973, and ratified January 18, 1973, the Salary Board of Westmoreland County "eliminated" the positions of solicitor in the offices of Prothonotary, Recorder of Deeds, Sheriff, Register of Wills, Treasurer, and Clerk of Courts of Westmoreland County. The instant action is brought by the duly elected Prothonotary, Recorder of Deeds, Sheriff, Register of Wills, Treasurer, and Clerk of Courts of Westmoreland County against the Salary Board of Westmoreland County and its constituent members to contest the legality of these resolutions. The parties have stipulated to the facts. The parties agree that plaintiffs had each appointed a solicitor prior to the date of the resolutions and each solicitor was being paid from the county treasury. Furthermore, none of the plaintiffs, as the respective fifth members of the salary board, voted in favor of the resolution eliminating his or her solicitor.

Let us examine the pertinent legislation. The Act of August 9, 1955, P. L. 323, as amended by the Act of June 7, 1961, P. L. 245, provides, inter alia, as to Third Class Counties, (a) "the prothonotary is authorized to appoint,"[1] (b) "the register of wills is authorized to appoint,"[2] (c) "the sheriff may appoint,"[3] (d) "the county treasurer is authorized to appoint[4] one person, learned in the law, as his solicitor." This act further provides (a) "the recorder of deeds may appoint,"[5] and

---

[1] Section 1308, 16 PS §1308.
[2] Section 1311, 16 PS §1311.
[3] Section 1213, 16 PS §1213.
[4] Section 807, 16 PS §807.
[5] Section 1314, 16 PS §1314.

(b) "the clerk of court . . . may appoint[6] one person as his solicitor," omitting the language "learned in the law." It is pursuant to this legislation that each of these six public officers of Westmoreland County appointed a solicitor whose position has been purportedly "eliminated."

As authority for these resolutions and the consequent elimination of the solicitorships, the salary board relies on sections 1622 and 1623 of this act, 16 PS §1622 and §1623, which provide as follows:

"§1622. Salary Boards Created.

"There is hereby created in each county a salary board, which shall consist of the three individual members of the board of county commissioners and the county controller in counties where there is a controller, or the county treasurer in counties where there is no controller. The chairman of the board of county commissioners shall be chairman of the salary board. The board shall meet and organize on the first Monday of January of each year."

"§1623. NUMBER AND COMPENSATION OF OFFICERS, DEPUTIES, ASSISTANTS, CLERKS AND EMPLOYES

"The board, subject to limitations imposed by law, shall fix the compensation of all appointed county officers, and the number and compensation of all deputies, assistants, clerks and other persons whose compensation is paid out of the county treasury (except employes of county officers who are paid by fees and not by salary), and of all court criers, tipstaves and other court employes, and of all officers, clerks, stenographers and employes appointed by the judges of any court and who are paid from the county treasury. Thereupon the number and compensation of all such

[6] Section 1315, 16 PS §1315.

officers, deputies, assistants, clerks and persons, whether fixed by statute or by any other method, are hereby repealed. In the event that any salary board shall fail to fix the number or compensation of any such officers, deputies, assistants, clerks or other employes as required by this section, the number and compensation shall continue, as fixed by or pursuant to law, on the effective date of this act, with like effect as though the same had been so fixed by the board, but the salary board shall have power to fix any such number or compensation at a later time and with like effect."

The question presented, therefore, is whether or not the salary board has the authority to eliminate the position of solicitor for any of the six plaintiff public officers. In our opinion, the salary board is not so authorized and the resolutions of the salary board purporting to do so are invalid and of no legal effect.

We have examined the statutes and other authorities cited by counsel for both parties. The salary board contends section 1623, supra, gave them the power, paraphrasing this section, to fix the "number" of solicitors per office at zero, and to "thereupon" and thereby "repeal" the "number fixed by statute," namely, one. In our opinion, this interpretation of the statute is not only without precedent, but without foundation. The statutory provisions authorizing each of plaintiffs to appoint "one person as his solicitor" are plain, clear and unequivocal. Section 1623 is properly used by the salary board as authority by them to establish reasonable compensation for the solicitors who are appointed by plaintiffs under the six authorizing provisions. The first sentence of section 1623, states "subject to limitations imposed by law" as a basic and express qualification on the authority of the salary board. We deem it apparent that one of those "limitations imposed by law" is set forth respectively in each

of the six provisions expressly authorizing plaintiffs to appoint one person as his solicitor. Furthermore, it is a wholly novel and unwarranted interpretation of section 1623 that the generally stated right to fix the "number" is the right to eliminate the number entirely and thereby to let the salary board take the appointing authority from plaintiffs, being what the six statutory provisions expressly gave plaintiffs. No precedent has been cited in support of such an interpretation and, of course, such an interpretation would render all six statutory provisions meaningless.

This is not to say there is not a proper legislative purpose in this salary board provision under other circumstances, as is borne out by the cases. For example, in Martz v. Deitrick, 372 Pa. 102 (1952), the Supreme Court upheld a determination by the salary board of a fifth class county that the treasurer's staff should be reduced from one deputy and five clerks to one deputy and three clerks. The discretion in this regard was properly held to rest with the salary board, and unless the exercise of discretion is capricious or arbitrary, which in that case it was not, it would be sustained. In the Martz case, however, the treasurer did not have the type of specific statutory appointment authorization given plaintiffs in this case, nor was there a total elimination or a "zero" appointment by the salary board. Perhaps most helpful in illustrating some of the necessary distinctions involved in this case is Ludwick's Appeal, 117 Pa. Superior Ct. 471 (1935). There the Superior Court upheld a determination of the salary board of a sixth class county not to employ a new employe in the sheriff's office, one having been requested by the sheriff. The salary board statute there was essentially the same as the salary board relies on in the present case, while the sheriff's appointing power, as expressed by the applicable statute, was to

appoint such deputies and clerks "as may be necessary." The Superior Court noted the salary board had the power to determine how many deputies were necessary under its power to "fix the number" since this statute did not give the sheriff the right, power or discretion to determine how many were necessary.

A comparison of the statute in Ludwick's Appeal to the statutory provisions in this case shows the critical differences. Here, the six provisions specifically and unambiguously authorize each of the plaintiffs to appoint "one person" "as his solicitor." Just as this language gives no power to plaintiffs, for example, to appoint two solicitors, it gives no power to any other party to intervene or to affect in any manner the appointment of the one solicitor or the appointing process. These statutory provisions are complete in themselves and unequivocally grant plaintiffs the power to appoint their respective solicitors. This in contradistinction to the situation in Ludwick's Appeal where the statute fails to expressly grant to the appointing person the power to fix the number of his employes by an express number, by a standard, or otherwise. See also Bono v. Krommer, 201 Pa. Superior Ct. 449 (1963).

Furthermore, the rules of statutory construction, to the extent applicable, also dictate the same result. A fundamental rule of statutory construction, repeated and included in section 1933 of the Statutory Construction Act of 1972, requires general provisions to yield to special provisions in the event of an irreconcilable conflict in a statute or between statutes. The special provisions are deemed to prevail and are construed as an exception to the general provision. Certainly, here, the six provisions relied on by plaintiffs would be special provisions on the subject involved, which would properly prevail over the general provision on the same

subject, being that relied on by defendant salary board. The legislative intent in this regard is clear and unmistakable. The legislative intent is further demonstrated since five of the six special authorizing provisions were amended and restated in 1961, and the one involving the treasurer's solicitor was originally enacted in 1961, while section 1623, the general provision, is more remote in time and dates from 1955. In passing on this aspect, we also note that in 1972 the legislature created a solicitorship for the Coroner of Westmoreland County in the language parallel to the six statutory provisions here involved: Act of August 9, 1955, P. L. 323, as amended by the Act of December 6, 1972, being Act No. 309. This is another expression of the legislative intent to permit elected county officers to have their own solicitors who are appointed by the county officer involved.

The case of Kotch v. Westmoreland County, 65 D. & C. 174 (C. P. Westmoreland 1948), has been cited as authority by counsel for the salary board. However, that case involved a situation not parallel to this case. There, where one statute had specified the annual compensation for an assistant county detective, while a later statute gave the salary board the power to fix compensation for such a detective, it was held the salary board could fix the compensation of an assistant county detective higher than set forth in the earlier act under the authority of the later act. Here, not only is the problem and legislation of a different nature, the sequence of legislation is different. In this one particular regard, here, the solicitorships were created for plaintiffs by legislation enacted at the same time or after the salary board legislation.

In conclusion, we deem the resolutions of the salary board eliminating plaintiffs' solicitors to be an attempt to usurp power specifically given plaintiffs by the

legislature. The successful functioning of our government requires a respectful regard of the distribution of power made by the legislature. Here, this has not occurred, and judgment should be properly entered in favor of plaintiffs.

## ORDER

And now, to wit, February 15, 1973, after due and careful consideration of the stipulation of facts, and the briefs and arguments of counsel, it is now ordered, adjudged and decreed that judgment shall be and hereby is entered in favor of plaintiffs and against defendants, and the resolutions of the Salary Board of Westmoreland County dated January 9, 1973, and ratified on January 18, 1973, eliminating the positions of Solicitor in the Offices of the Prothonotary, Recorder of Deeds, Sheriff, Register of Wills, Treasurer, and Clerk of Courts of Westmoreland County shall be and hereby are declared invalid and of no effect. Defendants are hereby directed to continue the compensation for the persons appointed to said positions of solicitors.