Ted Simon, John W. Regoli and William R. Davis, County Commissioners for Westmoreland County, Pennsylvania, Appellants *v.* Paul Del Vitto, Appellee.

Argued May 7, 1979, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Irving L. Bloom,* County Solicitor, for appellants.

*Edgar P. Herrington, Jr.,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 19, 1979:

Appellants, the County Commissioners for Westmoreland County (Commissioners) appeal an order of the common pleas court denying their motions for a new trial or for judgment n.o.v. following a jury verdict rendered in favor of appellee (plaintiff) in his mandamus action to recover compensation for services rendered the county as a deputy sheriff. We reverse.

The facts are not in dispute. Plaintiff was originally hired on January 1, 1960 as a deputy sheriff and has served continuously in that capacity except as otherwise noted.

404

By resolution, adopted January 27, 1972, the Commissioners set up a retirement system in accordance with the County Pension Law, Act of August 31, 1971, P.L. 398, 16 P.S. §11651 *et seq.* Pursuant to the compulsory retirement provision[1] of that resolution, plaintiff was forced into retirement on June 5, 1973. Plaintiff was again on duty as a deputy sheriff on April 9, 1975 as a result of an amending resolution adopted by the Commissioners on December 12, 1974, since under the amended terms, persons in plaintiff's position were eligible for a yearly maximum of 30 days' employment on a per diem basis.

On December 12, 1976, a third and final resolution regarding the retirement plan was adopted by the Commissioners, this one rescinding, effective November 24, 1976, the retirement plan instituted in 1972. At that time plaintiff was rehired on a per diem basis and so paid until March 10, 1977 at which time he was returned to the regular payroll.

During the period from April 9, 1975 to November 24, 1976 plaintiff, under the amended retirement plan entitled to only 30 days per year per diem employment, continued to work as before on a regular basis although he was only paid for 30 days in 1975 and another 30 days in 1976. The jury's verdict was based on the days of that period during which plaintiff performed his regular duties but received no compensation.

The governing statutory law is to be found in The County Code (Code), Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §101 *et seq.* In particular, Sections 1623 of the Code, 16 P.S. §1623, provides that a

---

[1] Plaintiff filed a class action suit on December 29, 1972 challenging the validity of the mandatory retirement provision. In an opinion by Judge BLATT, filed February 27, 1975, this Court upheld the validity of such a plan. *Delvitto v. Shope,* 17 Pa. Commonwealth Ct. 436, 333 A.2d 204 (1975).

county salary board "subject to limitations imposed by law, shall fix the compensation of all appointed county officers, and the number and compensation of all deputies, assistants, clerks and other persons whose compensation is paid out of the county treasury. . . ."

Plaintiff does not argue that he occupied, during the period of time in dispute, a position as deputy sheriff created in accordance with Section 1623 of the Code. Instead it is urged that a county sheriff possesses independent authority to establish an employment relationship for which the Commissioners are duty bound to authorize payment of compensation.

The precise formulation of this theory of independent hiring authority vested in a county sheriff is unclear, but the reliance placed on the Supreme Court's opinion in *Sweet v. Pennsylvania Labor Relations Board*, 457 Pa. 456, 322 A.2d 362 (1974) suggests the theory is an outgrowth of the inherent power of the courts to do all things reasonably necessary for the administration of justice. Without addressing the apparent assumption that a sheriff, as an officer of the court, is likewise invested with certain inherent authority, the theory is inadequate to support the action of the common pleas court. The Supreme Court has already considered the potential clash between the inherent powers of the judiciary and the powers conferred by statute on the salary board, *Leahey v. Farrell*, 362 Pa. 52, 66 A.2d 577 (1949). In that case, county commissioners appealed an order of the court of common pleas directing issuance of a writ of mandamus ordering the payment of increased compensation to plaintiffs, official reporters of the common pleas court, as granted them by the judges of that court. In reversing, the Supreme Court held that a predecessor of Section 1623 of the Code[2] did not pre-

[2] The former statutory provision is found in Section 23 of the Act of July 5, 1947, P.L. 1308, *as amended*.

sent an unconstitutional encroachment of the court's inherent administrative powers.

> It became the duty of the court to comply first with the statutory provisions and to make known to the board its reasonable requirements. It is only when a board acts arbitrarily or capriciously and refuses or neglects to comply with the reasonably necessary requirements of the court, . . . that under the inherent power of the court, orders like that now complained of may be enforced by mandamus.

*Id.* at 59-60, 66 A.2d at 580.

Having disposed of the argument that an inherent hiring authority is vested in a county sheriff, we must consider whether a statutory foundation exists for such authority. Section 1205 of the Code, 16 P.S. §1205 delineates the county sheriff's authority over appointments to his staff. Section 1205 reads pertinently, "[t]he sheriff of each county may appoint such deputies . . . as may be necessary to properly transact the business of his office."

The Superior Court was faced with the interpretation of language in a predecessor of Section 1205[3] not materially different from the statutory language here under consideration, *Ludwick's Appeal*, 117 Pa. Superior Ct. 471, 178 A. 339 (1935). There the Court said, "[T]his act does not provide that a sheriff shall have the power to appoint such deputies and clerks as *he deems* or *believes* to be necessary, but as *may* be necessary, to transact the business properly, that is, as the salary board may deem necessary." *Id.* at 473-74, 178 A. at 340. (Emphasis in original.)

The Code seeks to establish an orderly and rational employment procedure centralized in a county sal-

---

[3] The former statutory provision is found in Section 6 of the Act of May 11, 1925, P.L. 559, *as amended*.

ary board. As the Court in *Ludwick's Appeal, supra* at 474, 178 A. at 340 observed,

> The effect of this construction is that if the sheriff is of the opinion that additional assistance is required in his office, he shall go before the board, . . . and request the board to determine the number of employees necessary to discharge the duties of his office and to fix their salaries. If the board takes favorable action, the sheriff makes the appointment of the number of clerks or deputies determined necessary by the board.

We are persuaded that the Superior Court's analysis in *Ludwick's Appeal* is equally applicable to the present statutory framework. *See Sukala v. Shope,* 63 Pa. D. & C. 2d 517 (1973).

Since the procedure prescribed by the Code was not employed at the time plaintiff resumed work on a per diem basis on April 9, 1975 it is clear no duty arose in the Commissioners to approve payment of compensation for someone occupying a position not authorized by the salary board. Pursuant to the amending resolution of 1974 plaintiff became eligible to work and was paid for 30 days in 1975 and another 30 days in 1976 on a per diem basis. During the remainder of the disputed period plaintiff was not authorized to assume the duties of deputy sheriff and had therefore no right, clear or otherwise, to be paid for such work.

Accordingly, we will enter the following

ORDER

AND Now, June 19, 1979, the order of the Court of Common Pleas of Westmoreland County, Civil Action—Law at No. 2221 of 1975, dated June 28, 1978 is hereby reversed and we remand the record to that court for the entry of judgment n.o.v. in accordance with the foregoing opinion.