571 A.2d 1115

Robert HAHN, Robert Riehs, and Joel Entler

v.

MARPLE NEWTOWN SCHOOL DISTRICT, Board of School Directors of Marple Newtown Township, William Penn School District et al.

Appeal of MARPLE NEWTOWN SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided March 19, 1990.

Vram Nedurian, Jr., Newtown Square, for appellant.

Leonard V. Tenaglia, Richard, DiSanti, Hamilton & Gallagher, Media, for appellees, Hahn, Riehs and Entler.

John K. Steuerwald, Media, for appellee, William Penn School Dist.

Stephen S. Russell, Chief Staff Counsel, Harrisburg, for amicus curiae, Pennsylvania School Boards Ass'n.

Before CRAIG, McGINLEY and SMITH, JJ.

SMITH, Judge.

Before this Court is an appeal by Marple Newtown School District (Appellant) from the final decree entered by the Court of Common Pleas of Delaware County dated May 19, 1989 which ordered relief in the nature of mandamus to Robert Hahn, Robert Riehs and Joel Entler (Appellees). The trial court's decision is reversed.

Appellees filed a complaint in mandamus seeking an order directing Appellant to hire one of the Appellees as a math teacher pursuant to Section 1113 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* added by Section 5 of the Act of February 4, 1982, P.L. 1, 24 P.S. § 11–1113 (referred to as the Transfer of Entities Act).[1] Appellees, all certified math teachers, were employed by the Delaware County Intermediate Unit (DCIU) to teach mathe-

---

1. Section 1113 provides:

(a) When a program or class is transferred from one or more school entities to another school entity or entities, professional employes who are classified as teachers and are suspended as a result of the transfer and who are properly certificated shall be offered employment in the program or class by the receiving entity or entities when services of a professional employe are needed to sustain the program or class transferred, as long as there is no suspended professional employe in the receiving entity who is properly certificated to fill the position in the transferred class or program.

(b) Transferred professional employes shall be credited by the receiving entity only for their sick leave accumulated in the sending entity and also for their years of service in the sending entity, the latter for purposes of sabbatical leave eligibility and placement in the salary schedule: Provided, however, That such employes shall not utilize the sabbatical leave until they have taught in the receiving entity for a period of three (3) years. Such employes shall transfer their accrued seniority in the area of certification required for the transferred program or class only.

(c) Nothing contained in this section shall be construed to supersede or preempt any provision of a collective bargaining agreement negotiated by a school entity and an exclusive representative of the employes in accordance with the act of July 23, 1970 (P.L. 563, No. 195) known as the 'Public Employe Relations Act.'

(d) As used in this section, the term 'school entity' or 'school entities' shall mean an intermediate unit and its participating school districts or an area vocational-technical school and its sending school districts.

matics in DCIU's vocational-technical school until August 31, 1986 when they were suspended by DCIU due to a substantial decline in pupil enrollment. Upon notice of this suspension, Appellees sent Appellant's superintendent a letter dated June 10, 1986 advising him that Appellees were interested in exercising their rights under the Transfer of Entities Act (Act).[2] On August 29, 1986, Appellant hired Stephen Subers, a long term substitute math teacher for Appellant, to teach mathematics in the senior high school replacing one of the two teachers who resigned on June 17, 1986.

The trial court concluded as a matter of law that Appellant violated the Act by hiring a new professional employee without first offering employment to Appellees and as a consequence, ordered Appellant to hire one of the Appellees retroactive to September 1, 1988,[3] to credit the Appellee so hired for all sick leave and years of service accumulated while employed by DCIU and to pay the Appellee backpay after deductions for earnings since September 1, 1986. The trial court further concluded that "at the end of the 1985–1986 school year, the Delaware County Intermediate Unit no longer required students to enroll in mathematics courses as part of its Vocational Technical Program, thus transferring responsibility for mathematics classes as required by the Department of Education from the Intermediate Unit to its school districts including Defendants Marple Newtown School District and William Penn School District." Trial Court Decision, Conclusion of Law No. 2. Although it is not clear in the record why DCIU decided to discontinue this requirement, it appears that the substantial decline in student enrollment in math classes at the vocational-technical schools (as well as student enrollment in general) may have precipitated this decision. Moreover, only one math teacher remained at the Marple vocational-

**2.** The Act gives Appellees second preference to a vacant math position at Marple Newtown School District; a suspended Marple Newtown School District professional employee has first preference.

**3.** It appears from the record that the trial court mistakenly quoted this date when in fact it should be September 1, 1986.

technical school following the suspension of Appellees. Exceptions were filed by Appellant and Appellees and were dismissed by the trial court on May 19, 1989. Hence, this appeal.[4]

The sole issue to be determined by this Court is whether the statutory requirements of the Act were established by Appellees thus warranting mandamus relief. It is undisputed that mandamus is appropriate where the petitioning party proves (1) a clear legal right to the remedy; (2) the defending party had a duty that was ministerial in nature; and (3) there is no other appropriate and adequate remedy. *Township of Nether Providence Appeal*, 85 Pa. Commonwealth Ct. 104, 110, 481 A.2d 692, 695 (1984). In order for Appellees to establish a clear legal right, they must show that requirements of the Act were met as follows: (1) a math program or class was *transferred* from DCIU to Appellant School District; (2) Appellees were suspended as a result of the transfer; (3) services of Appellees were needed to sustain the program or class transferred; and (4) there were no suspended professional employees of Appellant's who were certificated in math to fill the position in the transferred program or class.

Since this case is one of first impression, the rules of statutory construction must be applied in determining the purpose and intent of the Act. Because the Act does not define "transfer," the term essential to the resolution of this case, this Court must construe the term according to its common and approved usage. *Derry Township v. Swartz*, 21 Pa.Commonwealth Ct. 587, 346 A.2d 853 (1975); Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903. Webster defines transfer as "to carry or take from one person or place to another". Webster's Third New International Dictionary 2426–2427 (1976). There is no evidence in the record that the math courses taught at the

**4.** This Court's scope of review of an action in mandamus is limited to determining whether the trial court has abused its discretion or committed an error of law. *School District of Philadelphia, Board of Education v. Council of the City of Philadelphia*, 129 Pa.Commonwealth Ct. 503, 566 A.2d 352 (1989).

vocational-technical schools were taken to Appellant's district or any of the other school districts.

Appellees however convinced the trial court that DCIU's action was in effect a transfer of a math class to the Marple Newtown School District and suggest that this Court similarly adopt this reasoning. Appellee Hahn testified that the math courses offered at the vocational-technical school were not shop oriented but were similar to math offered at Marple Newtown School District. August 29, 1988 Hearing, N.T. p. 48. Although it is true that vocational-technical students were able to receive credit for math taken at the vocational-technical school, Appellant offered the same math courses (algebra, geometry and trigonometry) as DCIU did. In fact, Appellant offered seventeen math courses prior to and after DCIU's decision to terminate the technology math requirement. Consequently, no transfer of a math class or program occurred here.

■ When ascertaining the legislative intent of the General Assembly, this Court must presume that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable. *Unionville–Chadds Ford School District v. Rotteveel*, 87 Pa.Commonwealth Ct. 334, 487 A.2d 109 (1985); Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922. Assuming arguendo that there was a transfer of a class or program and that Appellees were suspended as a result of the transfer, the position which became available in the 1986–1987 school year was not the result of Appellant's inability to sustain the math program due to transfer of the math class but rather was because two math teachers had resigned in June, 1986. One of the two positions was eliminated, leaving one open position which was filled by Mr. Subers. Clearly, the Act was meant to protect professional employees whose positions were eliminated in one school entity and recreated in another which is not what occurred here. Thus to invoke the Act in this situation would render an unreasonable result.

Accordingly, Appellees have failed to prove a clear legal right to mandamus relief, and as such, the trial court committed an error of law in ordering Appellant to employ one of the Appellees in the Marple Newtown School District.

## ORDER

AND NOW, this 19th day of March, 1990, the decision of the Court of Common Pleas of Delaware County is reversed.