**Lamar G. GREEN, Appellant,**

v.

**TIOGA COUNTY BOARD OF COMMIS-SIONERS, Walter G. Barnes, O. Richard Bartlett, William D. Hall & Members of the Tioga County Salary Board, Walter G. Barnes, O. Richard Bartlett, William D. Hall, and Annette Kreger.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1995.
Decided July 19, 1995.

D. Bruce Cahilly, for appellant.

Edith L. Dowling, Sol., for appellee, Tioga County et al.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Lamar T. Green, Sheriff of Tioga County, appeals from an order of the Court of Common Pleas of Tioga County which entered judgment in favor of the Tioga County Salary Board (Board) and its members, and dismissed his complaint in mandamus. In his complaint, Green sought an order directing the Board to reinstate the deputy sheriff position it eliminated.

The issues Green presents to this Court are whether the Board had authority pursuant to Section 1623 of The County Code, Act of August 9, 1955, P.L. 323, 16 P.S. § 1623, to discharge a deputy sheriff without the consent of the sheriff; whether the Board met its burden to justify elimination of the deputy sheriff position; and whether the trial court erred in failing to order the Board to reinstate the deputy sheriff and in dismissing Green's complaint. Green contends that testimony of the Board members constitutes an "ipso facto" admission that they acted arbitrarily and capriciously in eliminating the position.

## I.

Green assumed his duties as the sheriff of Tioga County in January 1990 when there was one approved deputy sheriff position in the sheriff's department. A second deputy sheriff position was approved by the Board in February 1990 and Paul T. Shaw was hired by Green to fill the position. On January 11, 1994, Board members Walter G. Barnes, William D. Hall, Annette Kreger and Green convened the Board and, over Green's objection, approved a resolution eliminating one of the two deputy sheriff positions.[1] The Board of Commissioners subsequently terminated Shaw's employment effective January 25, 1994. Green initiated his mandamus action against the Board members and the Board of Commissioners alleging that the Board arbitrarily, capriciously and illegally adopted the resolution eliminating the second deputy sheriff position. The trial court granted a directed verdict in favor of the Board of Commissioners without objection from Green.

At trial, Green presented a report listing the duties of the sheriff's department and detailing the volume of work performed by his department. The chart reflected an increase in the duties and amount of money brought in by the sheriff's department between 1989 and 1993. Green also testified that the sheriff's department was unable to keep up with all its work prior to losing the second deputy sheriff position and that loss

---

1. In accordance with Section 1622 of The County Code, 16 P.S. § 1622, the Board consists of the three county commissioners, Barnes, Hall and O. Richard Bartlett, and the county treasurer, Kreger. Green, as the head of the sheriff's department, was a member of the Board for purposes of considering the number of deputy sheriffs to employ in the sheriff's department. Section 1625(a) of The County Code, 16 P.S. § 1625(a). The decision of the majority of the Board governs. 16 P.S. § 1625(d).

of that position has caused problems in the operation of his department. Shaw testified that he was hired as a full-time deputy sheriff in February 1990 and that his duties included serving civil writs, criminal subpoenas and protection from abuse orders, as well as investigating incidents and crimes occurring at the jail.

Kreger, Barnes and Hall established that they voted to eliminate the second deputy sheriff position primarily because Green's responsibilities had been reduced in that he was no longer responsible for county warden duties. Specifically, Kreger testified in relevant part that she heard Green claim at Board of Commissioners meetings that his responsibilities as sheriff and warden required him to work six or seven days a week. Hall stated that he understood Green to claim he worked fifty to sixty hours per week at the jail in his capacity as warden.

The Board members further indicated that in rendering their decision, consideration was also given to changes the Board of Commissioners proposed to the method prisoners are transported and tax claim notices are served, and that they reviewed a sheriff's department annual report and newspaper articles which contained information regarding the duties and volume of work performed by the sheriff's department. Barnes testified that although the Board members discussed among themselves the possibility of eliminating the second deputy sheriff position, they intentionally never discussed their proposal with Green prior to the January 11 Board meeting because "he always wanted more." March 8, 1994, N.T. p. 38.

■ While noting that the proposed changes to the methods of transporting prisoners and serving tax claim notices had not been effectuated as of the time of trial, the trial court concluded that the Board members acted properly in rendering their decision to eliminate the position as they considered the impact eliminating one deputy sheriff would have on the administration of justice in the county. This Court's scope of review of the trial court's dismissal of Green's complaint in mandamus is limited to determining whether the court abused its discretion or committed an error of law.

*Hahn v. Marple Newtown Sch. Dist.,* 132 Pa.Commonwealth Ct. 60, 571 A.2d 1115 (1990).

## II.

■ Mandamus is "an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Sanders v. Pennsylvania Board of Probation and Parole,* — Pa.Commonwealth Ct. ——, ——, 651 A.2d 663, 666 (1994) (quoting *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981)). While a court may compel the exercise of a discretionary act, mandamus will not lie to compel a public official, board or municipality to exercise its discretion in a particular manner. *Raleigh v. Pennsylvania Human Relations Commission,* — Pa.Commonwealth Ct. ——, 660 A.2d 177 (1995); and mandamus cannot be used to "review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction," even if the decision was wrong. *Pennsylvania Dental Ass'n v. Commonwealth of Pennsylvania Insurance Department,* 512 Pa. 217, 227, 516 A.2d 647, 652 (1986).

■ In *Simon v. Del Vitto,* 43 Pa.Commonwealth Ct. 402, 403 A.2d 1335 (1979), this Court recognized that The County Code seeks to establish rational and orderly employment procedures centralized in the salary board of the county. The Court held that although Section 1205 of The County Code, 16 P.S. § 1205, allows a county sheriff to appoint "such deputies and clerks as may be necessary to properly transact the business of his office," the salary board and not the sheriff must determine how many deputies the county needs. *Id.* Hence, it is the Board that has the authority to fix the number of deputy sheriff positions needed in Tioga County. Moreover, this Court has recognized that in fixing the number of employ-

ee positions in county departments, the actions of county salary boards are discretionary rather than ministerial. *Penksa v. Holtzman,* 153 Pa.Commonwealth Ct. 94, 620 A.2d 632 (1993). *See also Martz v. Deitrick,* 372 Pa. 102, 92 A.2d 681 (1952).

■ It follows, therefore, that while the trial court could have compelled the Board to set the number of employees for the sheriff's department, the court could not compel the Board to decide that a specific number was necessary. The trial court sub judice properly entered judgment for the Board and dismissed the complaint since Green failed to establish a clear right to relief in mandamus: he failed to establish any discretionary duty which the Board failed to perform and merely challenged the manner in which the Board exercised its discretion.

Green cites *Leahey v. Farrell,* 362 Pa. 52, 66 A.2d 577 (1949), to support his contention that the trial court had the authority to review the merits of the Board's actions and to determine if it was capricious or arbitrary. In *Leahey,* the Pennsylvania Supreme Court was presented the question: "whether the *Legislature* has the power to regulate, within reasonable limits, the compensation of court . . . employes or whether such power rests inherently and exclusively in the *Courts.*" 362 Pa. at 54, 66 A.2d at 578 (emphasis in original). After addressing the separation of powers doctrine,[2] the Court stated:

> It is only when a board acts arbitrarily or capriciously and refuses or neglects to comply with the reasonably necessary requirements of the court, whereby the administration of justice may be impaired or destroyed, that under the inherent power of the court, orders like that now complained of may be enforced by mandamus.

*Id.* at 59–60, 66 A.2d at 580.

In *Simon,* however, this Court expressly rejected the argument that a sheriff is vested with inherent judicial authority to compel

funding of its needs. To the contrary, the Court stated that the question is not what the sheriff deems or believes to be necessary, but what the salary board deems necessary to properly transact business. *Id.* (citing *Ludwick's Appeal,* 117 Pa.Superior Ct. 471, 178 A. 339 (1935)).

■ The record contains no indication that the court of common pleas shared Green's beliefs that the administration of justice in the county was impaired by the Board's resolution. Furthermore, the record contains no evidence beyond the mere projections of Green to establish that the administration of justice has actually been impaired or destroyed by the Board's actions. *See Lavelle v. Koch,* 532 Pa. 631, 617 A.2d 319 (1992) (noting that the inherent judicial power to compel expenditures is reserved for exceptional cases where there is a genuine as opposed to a theoretical threat to the administration of justice). Here, judicial review of the Board's resolution is therefore limited to a determination of whether the Board acted as required by law and not whether the Board capriciously and arbitrarily refused to fund the necessary requirements of the Tioga County court system. *See Leahey; Simon.*

Finally, it must be noted, contrary to Green's contention, that it was the Board of Commissioners and not the Board that discharged Shaw. *See Pennsylvania Social Servs. Union Local 668 v. Cambria County,* 134 Pa.Commonwealth Ct. 523, 579 A.2d 455 (1990) (a salary board has no statutory authority to discharge employees in the sheriff's office—thus the Board's actions in removing deputy sheriffs from the payroll at the request of the sheriff-elect did not cause the discharge of the employees). Accordingly, the trial court did not abuse its discretion or commit error as a matter of law in dismissing Green's mandamus complaint and entering judgment in favor of the Board. The order of the trial court is therefore affirmed.[3]

---

**2.** The Court in *Leahey* reiterated, in pertinent part, that while the judicial power is vested exclusively in the courts, the fiscal power necessary to sustain the judiciary is vested in the legislature, citing Article V, Section 1 and Article IX of the Pennsylvania Constitution.

**3.** Throughout the trial and in his brief to this Court, Green highlights the Board's unwillingness to discuss with him, in advance of the January 11, 1994 hearing, any plans to eliminate the second deputy sheriff position. This Court would in no way sanction actions of salary board members which tend to hinder a department

## ORDER

AND NOW, this 19th day of July, 1995, the order of the Court of Common Pleas of Tioga County is affirmed.

head's presentation of what he or she reasonably believes to be the needs of his or her department; however, Green failed to raise as an issue or otherwise establish that the Board's actions deprived him of an opportunity to present his opinion regarding the needs of his department. The record clearly demonstrates that Green not only objected to the elimination of the position at the

January 11 hearing but was prepared and presented factual information in an effort to support the necessity of retaining the position. N.T. 108–10, 132, 189.