# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Big Bear Management Fund,        :
                                   :

                   Appellant    :

                                   :

             v.              :   No. 802 C.D. 2015

                                   :

Lower Macungie Township   :   Argued:  December 7, 2015

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED:  March 10, 2016**

Big Bear Management Fund (Developer) appeals from the Order of the Court of Common Pleas of Lehigh County (common pleas) that granted the Motion for Judgment on the Pleadings (Motion) filed by Lower Macungie Township (Township) and denied Developer's request for certain attorney's fees. Developer filed a Complaint in Mandamus (Complaint) seeking to require Township to alter and execute three pending agreements (Agreements) related to Developer's land development plan (Plan) because, Developer avers, the Agreements as written are contrary to or are not authorized by the Pennsylvania Municipalities Planning Code[1] (MPC). In granting the Motion, common pleas held that there was no basis upon which to grant Developer mandamus relief. On

---

[1] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§ 10101 - 11202.

appeal, Developer argues that common pleas erred: (1) in finding that Developer failed to show that the Agreements violate the MPC or that Township is obligated to perform a ministerial act or mandatory duty; and (2) by not holding a hearing on damages and attorney's fees Developer incurred as a result of filing and litigating its Complaint in order to get Township to remove, at a minimum, the provision from the Agreements that Township conceded was invalid. Discerning no error, we affirm.

Developer sought approval from Township of its Plan that would add 29 mobile homes to its existing mobile home park. Township determined that the Plan would require certain improvements, and Developer agreed to provide financial security for the required improvements pursuant to Section 509(a) of the MPC.[2] Following negotiations, Township presented Developer with the Agreements: a Land Development Agreement, a Maintenance Agreement for Land Development (Maintenance Agreement), and a Stormwater Facilities Operation and Maintenance Agreement (Stormwater Management Agreement).

---

[2] Section 509(a) of the MPC, 53 P.S. § 10509(a), provides, in relevant part:

> No plat shall be finally approved unless the streets shown on such plat have been improved to a mud-free or otherwise permanently passable condition, or improved as may be required by the subdivision and land development ordinance and any walkways, curbs, gutters, street lights, fire hydrants, shade trees, water mains, sanitary sewers, storm sewers and other improvements as may be required by the subdivision and land development ordinance have been installed in accordance with such ordinance. *In lieu of the completion of any improvements required as a condition for the final approval of a plat . . . the subdivision and land development ordinance shall provide for the deposit with the municipality of financial security in an amount sufficient to cover the costs of such improvements or common amenities including, but not limited to, roads, storm water detention and/or retention basins and other related drainage facilities, recreational facilities, open space improvements, or buffer or screen plantings which may be required.*

(Emphasis added.)

2

Developer disagreed with several provisions contained within the Agreements, but Township refused to negotiate further. Developer, unable to proceed with its Plan without Township's approval, filed the Complaint asserting that the challenged provisions were contrary to or not authorized by the MPC and, therefore, Township did not have the legal authority "to condition the Developer's right to secure the Required Improvements on" those provisions. (Compl. ¶¶ 18, 21, 24, R.R. at 7a-9a.) Developer maintains that it "has a clear right to financially secure the Required Improvements," "Township has a clear obligation to allow the Developer to financially secure the Required Improvements," it "has suffered, and continues to suffer, financial damage" because of Township's actions, and it "is without an adequate remedy at law to compel the Township to allow the Developer to financially secure the Required Improvements in accordance with law." (Compl. ¶¶ 32-35, R.R. at 10a.) Developer requested that common pleas strike those provisions from the Agreements and direct Township to execute them in order for Developer to move forward with its land development plans. It also requested certain damages and attorney's fees.

Township filed its Answer and New Matter, noting that many of Developer's allegations were legal conclusions to which no answer was required and asserting that the Agreements comply with the MPC. Township then filed the Motion, in which it conceded that one of the challenged provisions, which required Developer to maintain the improvements for two years rather than the eighteen months permitted by the MPC, was invalid and agreed to remove that provision from the Maintenance Agreement. (Motion ¶¶ 14-15, R.R. at 124a.) However, Township argued that Developer failed to state a claim for mandamus relief on the

3

other provisions because it did not establish that the challenged provisions violated any provision of or were otherwise prohibited by the MPC.

Upon considering the pleadings and the parties' briefs on the Motion, common pleas struck the provision the Township had conceded was invalid, but agreed with Township regarding the others and granted the Motion. Common pleas did not award Developer any damages or attorney's fees. Developer appealed, and common pleas directed Developer to submit a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b). In its 1925(a) Opinion in support of its order, common pleas explained that, to the extent Developer was challenging its decision not to award damages based on Township's concession, Developer had not requested "a determination of such damages." (1925(a) Op. at 4.) Common pleas then went through each challenged provision[3] and concluded that:

---

[3] Specifically, common pleas addressed Developer's assertions as follows. Developer challenged Part I(B)(8) of the Land Development Agreement because it requires Developer to pay the actual cost of connecting to the Lehigh County Water Authority's (Authority) water system when the Authority is ready to provide such service and Section 509(l) specifically excludes the imposition of financial security related to water mains or sewer lines beyond that which is required by the rules and regulations of the controlling utility. 53 P.S. § 10509(l). Common pleas concluded that the purpose of this provision is to require Developer to connect to the Authority's water supply and pay the costs required to do so and Section 509(l), which addresses posting *financial security*, "does not preclude the Township from requiring the Developer to pay the actual cost of connecting to the . . . Authority's water supply when applying for such service." (1925(a) Op. at 4-5.) Developer asserted that Parts II(A) and III(D)(3) of the Land Development Agreement violated the MPC because they alter the relationship between Township and Developer without legal justification by requiring Developer to create an escrow account to cover counsel fees and litigation expenses which Township may incur in connection with the Agreements, and to allow Township to take money from that account for any engineering or legal invoices. Developer asserted that, pursuant to Section 509(g) of the MPC, the *only* legal expenses that can be charged are those related to reviewing the plan and inspecting

*(Continued…)*

4

Aside from that portion of the Agreements to which the Township acknowledged at the outset that it overreached, Developer has failed to identify any portion of the Agreements that is in violation of the MPC or other law, or to provide any foundation for their [sic]

---

the improvements. 53 P.S. § 10509(g). Common pleas held that "[t]he legal and engineering escrow fund referenced to in [these sections] is a separate fund from the financial security referred to in [Section 509] for required improvements, and is not prohibited by the MPC." (1925(a) Op. at 5.) Developer next challenged Part V(H) of the Land Development Agreement because it requires Developer to agree that the sale of any lots to the public before the completion of the improvements constitutes a release of Township from its duties and obligations under the MPC and to inform the purchaser of this release and there is no MPC provision authorizing such condition. Common pleas concluded that "Developer provided no basis upon which to conclude [that this provision] of the Land Development Agreement violated the MPC." (1925(a) Op. at 5.) Developer argued that Part III(C) of the Maintenance Agreement is inconsistent with Section 510 of the MPC, 53 P.S. § 10510 (relating to requiring a developer to pay for reasonable and necessary expenses related to inspecting the improvements), because it allows Township to apply Developer's financial security to invoices for engineering and attorney fees and imposes administrative fees and interest on the invoiced amounts where Township accepts dedication of some or all of the improvements. Common pleas held that Section 510 does not apply to this situation because it involves inspection of the required improvements. (1925(a) Op. at 5-6.) We note that Developer now asserts, for the first time, that this provision also violates Section 509 of the MPC; however, this argument is waived pursuant to Pennsylvania Rule of Appellate Procedure 302(a), Pa. R.A.P. 302(a). Next, Developer argued that Part IV(B) of the Maintenance Agreement violated the MPC because it requires Developer to maintain insurance coverage on the required improvements for two years after the expiration of the 18-month maintenance period and nothing in the MPC authorizes Township to demand such insurance. Common pleas held that nothing in the MPC prohibited "Township from requiring that insurance be maintained for a period of time after the maintenance period." (1925(a) Op. at 6.) Developer further challenged Paragraph 17 of the Stormwater Agreement because it provides that if an invoice presented under that agreement is not paid within 30 days, Township can enter a lien against the property or may proceed to recover the costs via equitable or legal actions, and Section 510 sets forth the only provisions relating to how a municipality may assess and collect fees related to the required improvements and does not authorize this provision. Common pleas concluded that Section 510 "pertains to improvement bonds, not to invoices for work actually performed," which is what is addressed in this provision. (1925(a) Op. at 6.) Finally, Developer asserted that Paragraph 23 of the Stormwater Agreement impermissibly restricts Developer's ability to assign that agreement because it requires Developer to obtain Township's written consent before it does so even though the agreement should run with the land and there is nothing in the MPC which authorizes such limitation. Common pleas concluded that Developer provided no legal support for its contentions. (1925(a) Op. at 6.)

allegations that the Township has acted outside the bounds of law, or that the Township is obligated to perform a ministerial act or mandatory duty. According[ly], there was no basis for mandamus to issue.

(1925(a) Op. at 6-7.) This matter is now ready for this Court's review.[4]

On appeal, Developer argues, citing Hamilton Hills Group, LLC v. Hamilton Township Zoning Hearing Board, 4 A.3d 788, 795 (Pa. Cmwlth. 2010), that Township only has the power specifically delegated to it by statute, and the MPC does not authorize Township to impose these conditions on Developer. According to Developer, the only terms Township may require are those expressly authorized by the MPC, such as the specific financial security provisions set forth in Sections 509 and 510 of the MPC, 53 P.S. §§ 10509, 10510, and mandamus is appropriate here to compel the striking of any provision that is not specifically authorized by the MPC.

"Mandamus is an extraordinary writ that lies to compel an official's performance of a ministerial act or mandatory duty where there is a clear legal

---

[4] The standard of review of an appellate court in ruling on a challenge to the sustaining of a judgment on the pleadings pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1034, is limited. Emerich v. Philadelphia Center for Human Development, Inc., 720 A.2d 1032, 1034 n.1 (Pa. 1998). A judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. Id. Principles applicable to a judgment on the pleadings are the same as the principles applicable to a preliminary objection in the nature of a demurrer, thus,

[a]ll material facts set forth in the Complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. (Citations and brackets omitted).

Id. (quoting Kyle v. McNamara & Criste, 487 A.2d 814, 816 (Pa. 1985)). A failure to state a claim upon which relief can be granted is a basis upon which for granting judgment on the pleadings. Enoch v. Food Fair Stores, Inc., 331 A.2d 912, 914 (Pa. Super. 1974).

right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." Clark v. Beard, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). "As a high prerogative writ, mandamus writs are rarely issued and never where the plaintiff seeks to interfere with a public official's exercise of discretion." Chadwick v. Dauphin County Office of Coroner, 905 A.2d 600, 603 (Pa. Cmwlth. 2006). "[M]andamus is appropriate to 'compel the public official to perform *acts* which are required or obliged to be performed and *which do not involve an exercise of discretion* **or judgment**.'" Id. (quoting Nader v. Hughes, 643 A.2d 747, 753 n.13 (Pa. Cmwlth. 1994)) (bold emphasis added).

Our Supreme Court has acknowledged that municipalities may possess powers by implication and that the MPC should be liberally construed in order to effect its purpose. Naylor v. Township of Hellam, 773 A.2d 770, 774 & n.2 (Pa. 2001). Section 501 describes the grant of power to a municipality to regulate subdivisions and land development by enacting an ordinance, and Section 503 sets forth what may be included in an ordinance, but does not limit what may be included.[5] 53 P.S. §§ 10501, 10503. In Appeal of FPA Corporation, 485 A.2d 523, 524, 526 (Pa. Cmwlth. 1984), this Court held that a provision included in a development agreement that eliminated "artificial time constraints," which had been incorporated into a court order, was binding even though it conflicted with a specific provision in the MPC setting forth a three-year time limit. We held that an agreement which has been reduced to court order governing the final approval could waive the time limit in the MPC and to hold "otherwise would be to ignore

---

[5] Township's powers also derive, as acknowledged by Developer, from The First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. §§ 55101-58502. (Developer's Br. at 12.)

certain provisions of the agreement between the parties." Id. at 526. Our Supreme Court affirmed this Court's holding, in Mountain Village v. Board of Supervisors of Longswamp Township, 874 A.2d 1, 9 (Pa. 2005), that a municipality could not require a developer to pay its solicitor's fees to review a development application and plan because they were not included at that time in Sections 503 and 510,[6] the municipality's actions were directly contrary to the provisions in the MPC. The situation in Mountain Village would be analogous to Township's attempt here to impose a two-year maintenance period, which Township conceded exceeded the eighteen-month period allowed under the MPC and that the provision was stricken.

Here, Township's conditional approval of the Plan required it to exercise its discretion and judgment to review the Plan and to determine whether it complied with the MPC and Township's Subdivision and Land Development Ordinance and what conditions were necessary to ensure that compliance. Developer does not argue that Township could not, in its discretion, place conditions on its approval of the Plan, only that the conditions imposed were wrong under the MPC. Although not precisely on point, this Court has held that mandamus is available as a remedy where the entitlement in land use is *clear*;[7] however, approval of a subdivision plan is within the discretion of the board. Trojnacki v. Board of Supervisors, 842 A.2d

---

[6] The General Assembly amended the definition of "professional consultants" in Section 107(a) of the MPC to include "attorneys" and amended other provisions of the MPC to reflect this change. Mountain Village, 874 A.2d at 5 n.4.

[7] Pennsylvania courts have acknowledged that, "even where the grounds are proven," "mandamus is not automatic" and "'its issuance is not a matter of right but in certain circumstances is a matter for the sound discretion of the court.'" Seeton v. Adams, 50 A.3d 268, 275 n.8 (Pa. Cmwlth. 2012) (quoting Travis v. Teter, 87 A.2d 177, 179 (Pa. 1952)). Thus, "a writ of mandamus has been refused where its issuance would be inequitable or would cause 'disorder and confusion in municipal or governmental departments.'" Id. (quoting Waters v. Samuel, 80 A.2d 848, 849 (Pa. 1951)).

8

503, 511 (Pa. Cmwlth. 2004); see also Blain v. Township of Radnor, 167 Fed. Appx. 330, 334-35 (3d Cir. 2006) (holding that township's handling of subdivision plan was a discretionary, rather than ministerial, act under Pennsylvania law).[8] Accordingly, Developer has not proven that a township is without discretion to negotiate land development agreements that impose conditions on the approval of a land development plan to the extent that the execution of such agreements would be a ministerial or mandatory act subject to mandamus.

Moreover, in requiring Developer to execute the Agreements, Township was placing conditions on its approval of the Plan, which it is authorized to do. Bonner v. Upper Makefield Township, 597 A.2d 196, 199 (Pa. Cmwlth. 1991). Under the MPC, "if the applicant does not accept the proposed conditions, then the conditional approval is deemed a rejection. If the applicant objects to the conditions, an aggrieved party may appeal the matter to the trial court for a determination of whether the objected-to conditions are legal." Koller v. Weisenberg Township, 871 A.2d 286, 292 (Pa. Cmwlth. 2005). "Mandamus is not a substitute for a statutory remedy that provides the means to review a public official's action and correct error." Seeton v. Adams, 50 A.3d 268, 277 (Pa. Cmwlth. 2012). "[M]andamus cannot be used to 'review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction,' *even if the decision was wrong*." Green v. Tioga County Board of Commissioners, 661 A.2d 932, 934 (Pa. Cmwlth. 1995) (emphasis added) (quoting Pennsylvania Dental Association v. Insurance Department, 516 A.2d 647,

---

[8] Pursuant to the Third Circuit's internal operating procedure 5.7, this unreported opinion is not precedential and, therefore, is not binding. 28 U.S.C. Appendix I, Chapter 5, IOP 5.7. However, the rule does not prohibit the citation of such cases as persuasive authority.

652 (Pa. 1986)). In other words, mandamus cannot act as a substitute for judicial review. Pennsylvania Dental Association, 516 A.2d at 653. Here, Developer is essentially asserting that the conditions Township imposed via the Agreements are wrong and should not be enforced. However, "even if [Township's] decision was wrong," it was made "in good faith and in the exercise of legitimate jurisdiction" and, therefore, "mandamus cannot be used to review or compel the undoing of [that] action." Green, 661 A.2d at 934 (internal quotation marks omitted). Accordingly, we conclude, as common pleas did, that mandamus will not lie to compel Township to execute the Agreements as proposed by Developer.

This Court's opinion in Hamilton Hills, 4 A.3d at 795, and the statement on which Developer relies regarding limitations on a municipality's authority, is not inconsistent with this analysis. In Hamilton Hills, a developer wanted to construct 325 townhomes on a parcel that spanned three municipalities and sought approval for the project by asserting that Hamilton Township's ordinance's requirement for open space could be met by using land in the neighboring municipalities. Id. at 791-92. The zoning hearing board denied the application on the basis that the developer did not meet its burden of establishing that the open space requirements were met within the municipality. Id. at 789-90. Common pleas and this Court affirmed on appeal. We held that the zoning hearing board did not abuse its discretion by limiting its consideration to the land located within the municipality's boundaries. Id. at 790. Hamilton Hills involved a question of a municipality's ability to act and regulate land that was outside its borders. Based on language in the MPC and its general police powers, we concluded that a municipality does not have such authority and, therefore, could not be compelled to consider the land outside its borders in determining whether to grant approval for land development.

10

<u>Id.</u> at 793, 795.  This matter does not involve a question of a municipality being asked to act extra-territorially in order to approve land development and, consequently, <u>Hamilton Hills</u> is not applicable.

Developer further asserts that common pleas should have held a hearing to determine whether damages and/or attorney's fees were warranted because common pleas struck the two-year maintenance provision for the maintenance of street trees and landscape plantings.[9]  Developer contends that Township's actions associated with this claim were arbitrary and vexatious because it provided no justification for requiring the two-year maintenance period, which was clearly contrary to the requirements of the MPC.

A successful plaintiff in a mandamus action is entitled to damages, even if the failure to act is the result of an erroneous legal interpretation.  42 Pa. C.S. § 8303 (a person found to have failed or refused without lawful justification to perform a legal duty is liable for damages to the person aggrieved by the failure or refusal); <u>Maurice A. Nernberg & Associates v. Coyne</u>, 920 A.2d 967, 970 (Pa. Cmwlth. 2007).  Section 2503 of the Judicial Code authorizes the award of attorney's fees and litigation costs for arbitrary and vexatious conduct.  Having concluded that common pleas did not err in granting the Motion, it did not abuse its discretion in not awarding damages and/or attorney's fees because Developer was not a successful plaintiff in its Complaint.  Common pleas did not find that

---

[9] This Court "review[s] the trial court's decision to deny mandamus damages for abuse of discretion or legal error." <u>Maurice A. Nernberg & Associates v. Coyne</u>, 920 A.2d 967, 969 n.3 (Pa. Cmwlth. 2007).  "A denial of counsel fees under Section 2503 of the Judicial Code, 42 Pa. C.S. § 2503, rests with the discretion of the trial court, and this Court reviews its denial for abuse of discretion." <u>Id.</u>

11

Township failed or refused to perform a ministerial duty required by law and did not direct Township to execute the Agreements as Developer requested.

Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Big Bear Management Fund,    :
    :
            Appellant    :
    :
        v.      :    No. 802 C.D. 2015
    :
Lower Macungie Township    :

# O R D E R

NOW, March 10, 2016, the Order of the Court of Common Pleas of Lehigh County, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**